IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-01915-PAB-KAS

GEORGINA PEREZ,

    Plaintiff,

v.

SUNBEAM PRODUCTS, INC. d/b/a Jarden Solutions, and
NEWELL BRANDS, INC.,

    Defendants.

---

# ORDER

---

    This matter is before the Court on Plaintiff's Motion for Testimony by Contemporaneous Transmission Pursuant to F.R.C.P. 43 [Docket No. 176]. Defendants filed a response opposing the motion. Docket No. 181.

    Trial in this matter is set for five days, starting on December 9, 2024. Docket No. 171. Pursuant to Federal Rule of Civil Procedure 43(a), plaintiff Georgina Perez "seeks to present remote trial testimony for Rossanna Mora, Keith Coutu, David Galambos, Daniel Rubia, and Daniel Sumser."[1]  Docket No. 176 at 1.

---

[1] Ms. Perez identifies each of these witnesses in her witness list. *See* Docket No. 179. Ms. Perez states that these witnesses are also identified on defendants' witness list, but that defendants have indicated these witnesses are "may-calls" rather than "will-calls." Docket No. 176 at 2; *see also* Docket No. 118. The Court notes that, while Ms. Mora was identified on defendants' witness list, defendants agreed not to call Ms. Mora as a witness in response to Ms. Perez's motion to strike Ms. Mora's testimony. Docket No. 154; *see also* Docket No. 151.

Federal Rule of Civil Procedure 43(a) provides that, "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a).  The Advisory Committee note to Rule 43(a) states that "[t]ransmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial."  Fed. R. Civ. P. 43(a), advisory committee's note to 1996 amendment.  "A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances."  Id.

In support of her motion, Ms. Perez claims that "each of these witnesses played a key role in the development and/or subsequent investigation of the Multi-Cooker" which caused Ms. Perez's injuries in this case.  Docket No. 176 at 3.  However, Ms. Perez admits that each of the witnesses lives over 750 miles from the courthouse and is beyond the subpoena power of the Court under Federal Rule of Civil Procedure 45(a)(1)(A).  Id. at 4.  She argues that this constitutes good cause for the Court to permit her to introduce testimony by these witnesses through contemporaneous transmission.  Id. at 5.  Ms. Perez then identifies a location within the state where Ms. Perez believes each witness resides and indicates that she has issued subpoenas to these witnesses to appear and testify from these locations.  Id.

Defendants respond that courts have routinely held that a witness's residency outside the subpoena power of the court does not constitute good cause under Rule 43(a).  Docket No. 181 at 5–6. Defendants contend that Ms. Perez has either (1) already deposed the witness or (2) had the opportunity to depose the witness and has

2

chosen to rely on depositions taken of the witness in other cases involving the same allegedly defective multicooker. *Id.* at 7–10.  As such, they maintain that Ms. Perez has failed to demonstrate that good cause exists to permit her to provide witness testimony through contemporaneous transmission. *Id.* at 10.

Ms. Perez's proffered grounds for the contemporaneous transmission of the testimony of Rossanna Mora, Keith Coutu, David Galambos, Daniel Rubia, and Daniel Sumser are not "'unexpected reasons,' as is typically required in a showing of good cause for telephonic testimony." *Eller v. Trans Union, LLC*, 739 F.3d 467, 478 (10th Cir. 2013) (quoting Fed. R. Civ. P. 43(a), advisory committee's note to 1996 amendment).  Ms. Perez does not allege that any of these witnesses' residence or employment has recently changed or that Ms. Perez was previously unaware of the hardship described in the motion. *See Avalanche Equipment, LLC, v. Williams-Southern Company, LLC*, No. 13-cv-2827-BNB-MJW, 2014 WL 12676225, at *2 (D. Colo. Oct. 28, 2014) (denying a motion to allow remote testimony under similar circumstances).  Given that discovery closed on October 7, 2022, Ms. Perez has been aware of the logistical issues regarding the testimony of Rossanna Mora, Keith Coutu, David Galambos, Daniel Rubia, and Daniel Sumser for over two years.  Docket No. 40.  Moreover, Ms. Perez has been aware of defendants' designation of witnesses Keith Coutu, David Galambos, and Daniel Rubia as "may-calls" since May 3, 2024.  Docket No. 102 at 1–2.  While these witnesses are beyond the reach of a trial subpoena in this case, *see* Fed. R. Civ. P. 45(c), Ms. Perez cites no authority for allowing video testimony merely because a witness's presence cannot be procured by subpoena. *See* Fed. R. Civ. P. 43(a), advisory committee note to 1996 amendment (stating that other justifications for "remote

transmission must be approached cautiously" and that "depositions . . . provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena"); *Moreno v. Specialized Bicycle Components, Inc.*, No. 19-cv-01750-MEH, 2022 WL 1211582, at *2 (D. Colo. Apr. 25, 2022) (denying subpoena because "plaintiffs haven't shown good cause to allow testimony from a remote location instead of live in the courtroom" and because "there is nothing in the language of Rule 43(a) that permits this court to compel the testimony of an individual who is indisputably outside the reach of its subpoena power." (citations and alterations omitted)).  As such, Ms. Perez has not shown good cause for allowing Rossanna Mora, Keith Coutu, David Galambos, Daniel Rubia, and Daniel Sumser to testify by contemporaneous transmission.

Therefore, it is

**ORDERED** that Plaintiff's Motion for Testimony by Contemporaneous Transmission Pursuant to F.R.C.P. 43 [Docket No. 176] is **DENIED**.

DATED November 19, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge