IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 21-cv-01915-PAB-KAS

GEORGINA PEREZ,

      Plaintiff,

v.

SUNBEAM PRODUCTS, INC. d/b/a Jarden Solutions, and
NEWELL BRANDS, INC.,

      Defendants.

---

### ORDER

---

This matter comes before the Court on Defendants Sunbeam Products, Inc. and Newell Brands, Inc.'s Motion for Stay of Execution of Judgment Pending Disposition of this Motion and Appeal [Docket No. 234]. Plaintiff filed a response on April 16, 2026, Docket No. 236, and defendants filed a reply on April 23, 2026. Docket No. 237. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

This case arises out of injuries plaintiff Georgina Perez sustained on June 3, 2019 while using a 6-Quart Express Crock Multi-Cooker manufactured by defendants Sunbeam Products, Inc. ("Sunbeam") and Newell Brands, Inc. ("Newell"). Docket No. 59 at 2–6. Beginning on December 9, 2024, the Court held a five-day jury trial in this case. Docket Nos. 196–200. On December 13, 2024, the jury returned a verdict in favor of Ms. Perez on her state law claim for the sale of a defective product and her state law claim for negligence. Docket No. 207 at 1–2. The jury awarded Ms. Perez $3,500,000 for non-economic losses or injuries and $2,000,000 for physical impairment

and disfigurement. *Id.* at 3. The jury also awarded Ms. Perez $15,000,000 in exemplary damages against Sunbeam and $35,000,000 against Newell. *Id.* On May 29, 2025, the Court issued an order applying the relevant statutory damages caps to the jury's award of damages. Docket No. 218. The Court ordered Sunbeam to pay Ms. Perez $1,677,695.22 in actual damages and $1,677,695.22 in exemplary damages. *Id.* at 25. The Court ordered Newell to pay Ms. Perez $2,876,037.07 in actual damages and $2,876,037.07 in exemplary damages. *Id.* at 26. Final judgment was entered the same day. Docket No. 219*.*

On June 11, 2025, defendants filed a motion to stay the execution of the judgment pending disposition on post-trial motions. Docket No. 220. On June 18, 2025, the Court granted the motion and ordered that defendants post a bond in the amount of $9,202,501.60, which consisted of the full value of Ms. Perez's $9,107,464.58 judgment and three months of post-judgment interest at a rate of 4.14 percent. Docket No. 224 at 4-5. On March 31, 2026, the Court denied defendants' motion for a new trial and renewed motion for judgment as a matter of law. Docket No. 233. On April 8, 2026, defendants filed the present motion, seeking to stay enforcement of the judgment through the pendency of any appeal. Docket No. 234.

Rule 62(b) "governs the stay of proceedings to enforce a judgment, and provides that the court may stay the execution of a judgment pending disposition of a motion made under Fed. R. Civ. P. 59 'on appropriate terms for the opposing party's security.'" *Romero v. Helmerich & Payne Int'l Drilling Co.*, No. 15-cv-00720-NYW, 2017 WL 5900361, at *8 (D. Colo. Nov. 30, 2017) (unpublished) (quoting Fed. R. Civ. P. 62(b)). "Rule 62(b) is intended to preserve the status quo while protecting the prevailing party's

interest in the judgment." *Id.* (quoting *Gen. Steel Domestic Sales, LLC v. Chumley*, No. 10-cv-01398-PAB-KLM, 2013 WL 2634640, at *1 (D. Colo. June 12, 2013)).  Rule 62(b) states that "a party may obtain a stay by providing a bond or other security."  Fed. R. Civ. P. 62(b).  Generally, the bond amount "covers the full amount of the money judgment, together with costs, interest, and damages for delay."  *Tennille v. W. Union Co.*, 774 F.3d 1249, 1254 n.3 (10th Cir. 2014) (citation and internal quotations omitted).

Defendants claim they "may be irreparably harmed if they are required to pay judgment now and later have difficulty with collection if the judgment is overturned or reduced."  Docket No. 234 at 6.  Defendants also assert that they possess a present financial ability to pay the judgment that is likely to continue, ensuring that Ms. Perez will be able to collect the judgment.  *Id.*  Defendants request that the Court stay the execution of the judgment "through completion of the appeal of this case with the previously posted bond as security for the stay of execution."  *Id.*

Ms. Perez responds that she does not oppose defendants' request for a stay of execution of the judgment pending the appeal of this case; however, Ms. Perez requests that the Court increase the required bond amount to 125% of the judgment amount, or $11,384,330.73.  Docket No. 236 at 2.  Ms. Perez notes that the Court's June 18, 2025 order only required defendants to post a bond representing the full final judgment amount and three months of post-judgment interest.  *Id.* at 2-3.  Ms. Perez argues this is inadequate given "the far longer amount of time that will be required to resolve Defendants' appeal."  *Id.* at 4.  Ms. Perez asserts that a bond amount for 125% of the final judgment is what is required in Colorado state court and by federal courts in other districts.  *Id.* at 5.

In response, defendants assert that the current bond amount is sufficient, urging the Court to adopt the factors utilized by the Seventh Circuit when determining whether to approve bond in an amount that is less than the total judgment.[1]  Docket No. 237 at 4.  In doing so, defendants reiterate that they have sufficient assets to pay the judgment and that it will not be difficult for Ms. Perez to collect that judgment at the conclusion of an unsuccessful appeal.  *Id.* at 4-5.  Alternatively, defendants argue that the Court should stay execution of the judgment if defendants post a bond consisting of three years of post-judgment interest, representing the time that has already passed since entry of final judgment and two additional years for the appeal.  *Id.* at 6-7.

While Ms. Perez argues that the Court should issue bond in the amount of 125% of the judgment, "the general rule is for the district court to set a . . . bond in the full amount of the judgment plus interest, costs, and damages for delay."  *Lehman Bros. Holdings, Inc. v. Universal Am. Mortg. Co., LLC*, No. 13-cv-00091-REB-KMT, 2014 WL 12928892, at *1 (D. Colo. May 16, 2014) (citation and alterations omitted).  The Court is unpersuaded to deviate from this general rule based on Ms. Perez's argument regarding what is required by Colorado state courts and by federal courts in other districts.

The Court is also unpersuaded by defendants' argument that they should be able to stay execution of the judgment based on a bond which only represents three months of post-judgment interest.  Defendants, as the parties seeking the stay, have "the burden of demonstrating objectively that posting a full . . . bond is impossible or

---

[1] Defendants clarify that they believe these factors apply even though defendants already posted a bond greater than the original judgment.  Docket No. 237 at 4.

impractical." *Vreeland v. Schwartz*, No. 13-cv-03515-PAB-KMT, 2019 WL 5623307, at *1 (D. Colo. Oct. 30, 2019) (citing *Farm Bureau Life Ins. Co. v. Am. Nat. Ins. Co.*, 2009 WL 961171, at *1 (D. Utah Apr. 8, 2009); *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986)).  As noted above, a "full bond" includes interest.  Defendants do not argue that posting a full bond is impossible; in fact, their arguments hinge on the fact that defendants have assets "many multiple times the amount of the judgment."  Docket No. 234 at 6.  Defendants' arguments that payment is impractical center on the fact that Ms. Perez will be able to quickly and easily collect her judgment at the completion of the appeal process, thus making an additional bond a "waste of money."  Docket No. 237 at 5-6.  The best way to ensure Ms. Perez's collection of the judgment, however, is to have defendants post a full bond, inclusive of post-judgment interest.  Per defendants' own representations, they have sufficient money to do so without it being an undue burden.

The Court agrees with defendants that three years of post-judgment interest is appropriate in this instance.  A bond including the total judgment and three years of post-judgment interest at a rate of 4.14 percent, compounding annually, would be $10,286,087.41.[2]  *See Home Loan Inv. Co. v. St. Paul Mercury Ins. Co.*, 78 F. Supp. 3d 1307, 1326 (D. Colo. 2014) ("As for postjudgment interest, the federal postjudgment

---

[2] The Court will not include costs in the bond because cost issues are resolved by the Clerk of Court.  Pursuant to Local Rule 54.1, a prevailing party shall file a bill of costs on the form provided by the Court no later than 14 days after the entry of judgment.  D.C.COLO.LCivR 54.1.  Here, Ms. Perez has already filed a proposed bill of costs, Docked No. 221, which defendants have objected to.  Docket No. 227.  Thus, the Clerk of Court will determine costs.  Moreover, plaintiff has made no argument as to what specific damages for delay might accrue.  *See generally* Docket No. 236.  Thus, the Court will not include such damages in the bond amount.

interest rate applies in diversity cases." (citing *Latham v. First Marine Ins. Co.,* 16 F.

App'x 834, 841 (10th Cir. 2001) (unpublished)); *see also* 28 U.S.C. § 1961(a) ("Such

interest shall be calculated from the date of the entry of the judgment, at a rate equal to

the weekly average 1-year constant maturity Treasury yield, as published by the Board

of Governors of the Federal Reserve System."); *Selected Interest Rates – H.15*, Bd.

Governors Fed. Rsrv. Sys.,

https://www.federalreserve.gov/releases/h15/h15_technical_qa.htm (last visited April

27, 2026).  Because defendants have already posted a bond of $9,202,501.60, the

Court will order defendants to post an additional bond for $1,083,585.81.

Therefore, it is

**ORDERED** that Defendants Sunbeam Products, Inc. and Newell Brands, Inc.'s

Motion for Stay of Execution of Judgment Pending Disposition of this Motion and Appeal

[Docket No. 234] is **GRANTED**.  It is further

**ORDERED** that execution of the judgment shall be **STAYED** pending resolution

of the appeal of this action.  It is further

**ORDERED** that, within fourteen days of this order, defendants Sunbeam

Products, Inc. and Newell Brands, Inc. shall post a bond, or deposit funds in the court

registry, in the amount of $1,083,585.81.[3]

---

[3] Both the Court's May 29, 2025 order and the final judgment require defendants to pay separate judgments.  *See* Docket Nos. 218, 219.  However, defendants request that a single bond be posted.  *See* Docket No. 237 at 7 ("In the event the Court requires an additional . . . bond to be posted, the Court should limit the amount of that bond to $1,083,585.81.").  Because Ms. Perez does not request that separate bonds be posted, the Court will require defendants to post a single bond of $1,083,585.81.

DATED April 28, 2026.

BY THE COURT:

s/ Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge